## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | **Chapter 13** |
| | : | |
| **Andrea L. McNear,** | : | **Bky. No. 20-13119 (DJB)** |
| | : | |
| **Debtor.** | : | |

### ORDER ADDRESSING APPLICATIONS FOR COMPENSATION

**AND NOW,** upon consideration of the Application For Compensation and Reimbursement of Expenses [Dkt. No. 131] and Supplemental Application for Compensation [Dkt. No. 133] (together, the "Application") filed by the Debtor's counsel (the "Applicant") and upon the Applicant's certification that proper service has been made on all interested parties and upon the Applicant's certification of no response, it is hereby **ORDERED** that:

1. The Application is **GRANTED in part and DENIED in part on the terms set forth herein**;[1]

2. The Applicant is **ALLOWED** compensation in the amount of $5,335.00;

3. The Applicant is **ALLOWED** reimbursement of $435.00 in expenses;

4. The Chapter 13 trustee is authorized to distribute to the Applicant as an administrative expense pursuant to 11 U.S.C. § 1326(b), 11 U.S.C. § 507, 11 U.S.C. § 503(b) and 11 U.S.C. § 330(a)(4)(B), the compensation and expense reimbursement as set forth above to the extent such distribution is authorized under the terms of the confirmed Chapter 13 plan.

**Date: June 5, 2026**

_____
**DEREK J. BAKER**
**U.S. BANKRUPTCY JUDGE**

---

[1]    Dkt. No. 131 seeks compensation for pre-confirmation work as permitted by L.B.R. 2016-3(a).  While the Application seeks payment of a "no look amount" of $4,750.00 for included services [see Dkt. No. 12], the Application also seeks compensation for additional items.  However, the Application fails to include any description of the services sought or time records as required by L.B.R. 2016-3(a)(3) or provide the necessary information on form L.B.F. 2016-3B (in particular, ¶ 12).  Therefore, the Court's award on the Application is limited to the amounts permitted by L.B.R. 2016-3(a)(1)(B) for a below median debtor.  The Applicant's request for fees greater than $5,335.00 on Dkt. No. 131 are **DENIED** as unsupported by the record on the Application.

Dkt. No. 133 seeks compensation for post-confirmation work as permitted by L.B.R. 2016-3(b).  However, the Application fails to include time records as required by L.B.F. 2016-3C (in particular, ¶ 10).  Therefore, the Applicant's request for fees on Dkt. No. 133 are **DENIED** as unsupported by the record on the Application.

Here, the Applicant did not provide the requisite time records required by our Local Rules and our Local Forms.  The Court notes the Applicant's "request" that the Court hold a "hearing should the entire amount not be granted or if timeslips are required."  [Dkt. No. 131, ¶ 10, see also Dkt. No. 133, ¶ 14].  The Court need not address the Applicant's request.  Time slips are required by our Local Rules; the Court should not be required to hold a hearing to enforce the express provision of our Local Rules.  In the event the Applicant wishes to provide the requisite time slips, the Applicant retains her rights under L.B.R. 2016-1(h).