United States Bankruptcy Court

Eastern District of Pennsylvania

In re:                                                                                    Case No. 20-13119-djb

Andrea L. McNear                                                              Chapter 13

     Debtor

# CERTIFICATE OF NOTICE

| District/off: 0313-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Jun 05, 2026 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 07, 2026:**

**Recip ID**        **Recipient Name and Address**
db        + Andrea L. McNear, 504 Glendale Road, Upper Darby, PA 19082-5019

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 07, 2026        Signature:       /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 5, 2026 at the address(es) listed below:

**Name**        **Email Address**

JAMES RANDOLPH WOOD
    on behalf of Creditor Upper Darby Township jwood@portnoffonline.com  jwood@ecf.inforuptcy.com

KENNETH E. WEST
    ecfemails@ph13trustee.com  philaecf@gmail.com

MATTHEW K. FISSEL
    on behalf of Creditor NATIONSTAR MORTGAGE LLC bkgroup@kmllawgroup.com  matthew.fissel@brockandscott.com

MATTHEW K. FISSEL
    on behalf of Creditor NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER bkgroup@kmllawgroup.com  matthew.fissel@brockandscott.com

MICHELLE LEE
    on behalf of Debtor Andrea L. McNear bky@dilworthlaw.com  ksheronas@dilworthlaw.com

MICHELLE L. MCGOWAN
    on behalf of Creditor U.S. Bank Trust National Association  not in its individual capacity but solely as owner trustee for RCF 2

District/off: 0313-2            User: admin            Page 2 of 2

Date Rcvd: Jun 05, 2026            Form ID: pdf900            Total Noticed: 1

Acquisition Trust c/o U.S. Bank Trust National Association mimcgowan@raslg.com

MICHELLE L. MCGOWAN

on behalf of Creditor U.S. Bank Trust National Association mimcgowan@raslg.com

ROBERT BRIAN SHEARER

on behalf of Creditor U.S. Bank Trust National Association  not in its individual capacity but solely as owner trustee for RCF 2
Acquisition Trust c/o U.S. Bank Trust National Association rshearer@raslg.com

ROBERT BRIAN SHEARER

on behalf of Creditor U.S. Bank Trust National Association rshearer@raslg.com

STEPHEN VINCENT BOTTIGLIERI

on behalf of Creditor Delaware County Tax Claim Bureau sbottiglieri@tszlegal.com  ToscaniStathesZoellerLLC@jubileebk.net

United States Trustee

USTPRegion03.PH.ECF@usdoj.gov

WILLIAM EDWARD CRAIG

on behalf of Creditor Credit Acceptance Corporation wcraig@egalawfirm.com
mortoncraigecf@gmail.com;alapinski@egalawfirm.com


TOTAL: 12

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 13** |
| | : | |
| **Andrea L. McNear,** | : | **Bky. No. 20-13119 (DJB)** |
| | : | |
| **Debtor.** | : | |

### ORDER ADDRESSING APPLICATIONS FOR COMPENSATION

**AND NOW,** upon consideration of the Application For Compensation and

Reimbursement of Expenses [Dkt. No. 131] and Supplemental Application for Compensation

[Dkt. No. 133] (together, the "Application") filed by the Debtor's counsel (the "Applicant") and

upon the Applicant's certification that proper service has been made on all interested parties and

upon the Applicant's certification of no response, it is hereby **ORDERED** that:

1. The Application is **GRANTED in part and DENIED in part on the terms set forth herein;**[1]

2. The Applicant is **ALLOWED** compensation in the amount of $5,335.00;

3. The Applicant is **ALLOWED** reimbursement of $435.00 in expenses;

4. The Chapter 13 trustee is authorized to distribute to the Applicant as an administrative expense pursuant to 11 U.S.C. § 1326(b), 11 U.S.C. § 507, 11 U.S.C. § 503(b) and 11 U.S.C. § 330(a)(4)(B), the compensation and expense reimbursement as set forth above to the extent such distribution is authorized under the terms of the confirmed Chapter 13 plan.

**Date: June 5, 2026**

_____

**DEREK J. BAKER**
**U.S. BANKRUPTCY JUDGE**

---

[1]   Dkt. No. 131 seeks compensation for pre-confirmation work as permitted by L.B.R. 2016-3(a).  While the Application seeks payment of a "no look amount" of $4,750.00 for included services [see Dkt. No. 12], the Application also seeks compensation for additional items.  However, the Application fails to include any description of the services sought or time records as required by L.B.R. 2016-3(a)(3) or provide the necessary information on form L.B.F. 2016-3B (in particular, ¶ 12).  Therefore, the Court's award on the Application is limited to the amounts permitted by L.B.R. 2016-3(a)(1)(B) for a below median debtor.  The Applicant's request for fees greater than $5,335.00 on Dkt. No. 131 are **DENIED** as unsupported by the record on the Application.

Dkt. No. 133 seeks compensation for post-confirmation work as permitted by L.B.R. 2016-3(b).  However, the Application fails to include time records as required by L.B.F. 2016-3C (in particular, ¶ 10).  Therefore, the Applicant's request for fees on Dkt. No. 133 are **DENIED** as unsupported by the record on the Application.

Here, the Applicant did not provide the requisite time records required by our Local Rules and our Local Forms.  The Court notes the Applicant's "request" that the Court hold a "hearing should the entire amount not be granted or if timeslips are required." [Dkt. No. 131, ¶ 10, see also Dkt. No. 133, ¶ 14].  The Court need not address the Applicant's request.  Time slips are required by our Local Rules; the Court should not be required to hold a hearing to enforce the express provision of our Local Rules.  In the event the Applicant wishes to provide the requisite time slips, the Applicant retains her rights under L.B.R. 2016-1(h).